IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRANDEN CONRAD MIESMER,<br><br>Plaintiff,<br><br>vs.<br><br>DET. SMITH, DET. GANGE, and DET. O'MALLEY,<br><br>Defendants. | CV 20–41–H–DLC<br><br>ORDER |

Before the Court is the Findings and Recommendations of United States Magistrate Judge John Johnston. (Doc. 4.) Judge Johnston recommends that the Court: (1) dismiss Plaintiff Branden Conrad Miesmer's Complaint as barred by the applicable statute of limitations; (2) certify that no appeal from this disposition could be taken in good faith; and (3) direct the Clerk of Court to have the docket reflect that dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). (*Id.* at 4.) Miesmer timely objected to the Findings and Recommendations and concurrently moved to amend his Complaint. (Docs. 6, 7, 8.) Consequently, the Court will review the record de novo. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Miesmer claims that Defendants violated various constitutional provisions[1] when they failed to read and explain his *Miranda* rights before interrogating him on September 9, 2015.  (Doc. 2 at 5.)  Instead, he says, they "mearly (sic) slid [him] a piece of paper" containing *Miranda*'s warnings, which he signed without reading or understanding "due to lack of sleep, food, and water from the [three]-day manhunt" that eventually led to his capture.  (*Id.*)  Ultimately, Miesmer pled guilty and was sentenced to state prison on the allegation that precipitated his arrest.  (*Id.* at 4–5.)

Without reaching the merits, Judge Johnston determined that Miesmer's 42 U.S.C. § 1983 Complaint is barred by the statute of limitations.  (Doc. 4 at 5.)  Conceding that the three-year statutory period has passed since the purported *Miranda* violation occurred in September 2015, Miesmer argues in his Objection that the Court should apply the doctrine of equitable tolling to save his claim from

---

[1] Throughout his filings, Miesmer lists varying combinations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as the bases for his civil rights claim against Defendants.  (*See* Docs. 2, 6, 8.)  However, his singular factually supported allegation is that he "was deprived of [his] [c]onstitutional rights due to [his] miranda (sic) rights not being read."  (*See, e.g.,* Doc. 7 at 1.)  Miesmer fails to explain how an allegedly inadequate *Miranda* warning implicates any constitutional provision beyond the Fifth and Fourteenth Amendments.  Bare charges of discrimination, deliberate indifference, and deprivation of trial counsel (Doc. 7-1) are not enough.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  Because it cannot fill the factual voids Miesmer's pleadings present as they relate to claims arising under the Fourth, Sixth, and Eighth Amendments, the Court considers the only factually supported claims, which arise under the Fifth and Fourteenth Amendments.

dismissal. (Doc. 6-1 at 1.) He urges the Court to toll the statute of limitations to account for: (1) his imprisonment; (2) the "extraordinary circumstances" of the issuance of a federal indictment while he was in state custody and the death of his mother; and (3) his mental incapacity. (Doc. 6 at 4–5.)

## DISCUSSION

Before considering Miesmer's Objection as it relates to the statute of limitations, the Court is compelled as a preliminary matter to address an issue that Miesmer attempts to eliminate in his original Complaint (Doc. 2) but invigorates in his proposed Amended Complaint (Doc. 7-2). That is the question of the *Heck*[2] bar.

### I

In his original Complaint, Miesmer emphasizes that his intent before this Court is not to collaterally attack his outstanding murder conviction. (Doc. 2 at 5.) To the contrary, setting aside the purported constitutional violations, he acknowledges that "overwhelming evidence" led to his conviction: "multiple witnesses, [he] plead (sic) guilty, [he] confessed on the stand, the murder weapon was found on [him], and [he] admitted guilt in several letters that were confiscated." (*Id.*) Because of the weight of the evidence against him, Miesmer explains, he has not advanced the instant claim on direct appeal, nor in post-

---

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).

conviction proceedings. (*Id.*) However, in his proposed Amended Complaint, Miesmer asserts that the purported *Miranda* violation led to his "wrongful conviction." (Doc. 7-1 at 5.) Nothing in the record reflects that Miesmer's outstanding murder conviction has been invalidated.

> In *Heck*, the Supreme Court held that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis in original). Therefore, a "district court must consider whether a judgment in favor of the [§ 1983] plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. On the other side of the coin then, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against [him], the action should proceed, in the absence of some other bar to suit." *Id.* (emphasis in original). Thus, under certain circumstances, a plaintiff's § 1983 claim is not *Heck*-barred despite the existence

of an outstanding criminal conviction against him. *Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014).

Those circumstances exist where an outstanding conviction derives from a valid plea, rather than from a verdict obtained with the supposedly illegal evidence. *Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001). In *Ove*, the § 1983 plaintiffs were arrested on suspicion of drunk driving and consented to blood tests. *Id.* at 820. Following their arrests, one plaintiff pleaded guilty and the other pleaded nolo contendere to the DUI charges against them.[3] *Id.* They subsequently sued city and state officials for, *inter alia*, illegally drawing their blood. *Id.* The court concluded that the *Heck* bar did not apply, because the success of the action would not necessarily invalidate their DUI convictions. *Id.* at 823. While the plaintiffs' lawsuit concerned the way their blood was drawn, no blood evidence was introduced against them in their underlying criminal cases, because they pleaded to the charges. *Id.* Therefore, "the validity of their convictions [did] not in any way depend on the legality of the blood draws." *Id.*

So too here. Miesmer's claim concerns the way in which his post-arrest statement was compelled, but the statement at issue was not introduced against him. Indeed, *no* evidence was introduced against him, because he pleaded guilty.

---

[3] Prior to their pleas, the district court denied one plaintiff's motion to suppress the results of the blood test and simply removed the other plaintiff's companion motion from its calendar. 264 F.3d at 820.

- 5 -

(Doc. 2 at 5.)  Thus, his conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence.  And, as in *Ove*, "conspicuously missing" from the record here is any contention that Miesmer's guilty plea was illegal, involuntary, or without factual bases.  *See* 264 F.3d at 823.  Therefore, because the validity of Miesmer's conviction does not depend upon the legality of the compelled statement, the Court finds that the *Heck* bar does not apply.[4]

## II

The Court turns then to the question of timing.  As already discussed, Judge Johnston and Miesmer are of one mind on the threshold issue here, agreeing that his *Miranda* claim arose in September 2015, when Defendants allegedly failed to adequately Mirandize Miesmer at the post-arrest interrogation.  (Docs. 4 at 5; 6-1.)  Thus, they agree that the three-year statute of limitations has passed for his § 1983 claim.  While the Court ultimately reaches the same conclusion,[5] it would not pin the claim accrual date at September 2015.

---

[4] The Court notes, however, that the way Miesmer pleads his proposed Amended Complaint (Doc. 7-1) remains problematic, because he asks for compensatory damages for his "wrongful conviction."  (Doc. 7-1 at 6–7.)  "[T]o recover compensatory damages, . . . the § 1983 plaintiff must prove not only that the [defendants' conduct] was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."  *Ove*, 264 F.3d at 822 (internal citations omitted).  Again, nothing in the record indicates that Miesmer's outstanding murder conviction has been invalidated or otherwise overturned.  Therefore, as the matter currently stands, Miesmer's allegedly "wrongful conviction" is not an injury for which he may recover compensatory damages under the *Heck* corollary announced in *Ove*.

[5] Because Miesmer lodges no objection to Judge Johnston's finding on this point, the Court reviews for clear error.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  The Court agrees with Miesmer and Judge

"[T]he accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (quoting *Wallace*, 549 U.S. at 388). In *Chavez*, the Supreme Court explained that a Fifth Amendment violation does not occur until statements compelled by police interrogations are "use[d] in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 767 (2003). Thus, "the mere use of compulsive questioning, without more, [does not] violate[] the Constitution." *Id.* After *Chavez*, the Ninth Circuit clarified that "[a] coerced statement has been 'used' in a criminal case when it has been relied upon to file formal charges against the declarant, to determine judicially that the prosecution may proceed, and to determine pretrial custody status." *Stoot v. City of Everett*, 582 F.3d 910, 925 (9th Cir. 2009).

On the record before the Court, it is unclear whether and when Miesmer's compelled confession was "used" in the criminal case against him as *Stoot* contemplates; *Chavez* makes clear, however, that Defendants' post-apprehension questioning in September 2015, without more, did not violate the Fifth

---

Johnston that "the statute of limitations for all section 1983 claims [is] the forum state's statute of limitations for personal injury torts." *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987). In Montana this period is three years. Mont. Code Ann. § 27–2–204.

- 7 -

Amendment. Hints exist, though, that Miesmer's post-arrest confession was at least a pretrial issue, inasmuch as it was the subject of a motion to suppress. (*See* Doc. 2-1 at 33–34.) Therefore, and out of an abundance of caution, the Court would apply a more generous accrual date of June 20, 2016—the date of the representation hearing at which the trial court and counsel discussed the motion to suppress, which had been apparently mooted by Miesmer's decision to plead guilty. (*Id.*) Still, Miesmer's constitutional claims fall outside the three-year statute of limitations. Accordingly, reviewing de novo, while the Court would apply a different accrual date than Judge Johnston did, it ultimately agrees that Miesmer's § 1983 Complaint is barred by the applicable statute of limitations.

The Court next considers whether, as Miesmer argues, the doctrine of equitable tolling or another tolling rule saves his claims. Miesmer explains that his "inability to file timely [was] caused by the restrictions of imprisonment[.]" (Doc. 6 at 4.) In support, he cites various federal cases where courts have apparently found equitable tolling applicable. (*Id.*) However, "[a]s with the limitations period itself, [federal courts] borrow our rules for equitable tolling from the forum state." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Thus, the Court looks to Montana's rules for direction.

Montana applies the doctrine of equitable tolling in the following circumstance:

> [W]hen a party reasonably and in good faith pursues one of several possible legal remedies and the claimant meets three criteria: "(1) timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to [sic] defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim."

*Let the People Vote v. Bd. of Cty. Comm'rs of Flathead Cty.*, 120 P.3d 385, 389 (Mont. 2005) (alteration in original) (citations omitted). In other words, "while a party is pursuing one of several legal remedies, the statute of limitations on the remedies not being pursued is tolled." *Id.* That circumstance simply does not exist here. Miesmer does not argue that, while the statute of limitations ran on the instant § 1983 action, he was pursuing an alternative legal remedy. Instead, he admits that he did not know that he had a cognizable cause of action until 2020. Furthermore, nothing in the record indicates that Defendants concealed the claim from Miesmer while the period of limitation expired. *See Schoof v. Nesbit*, 316 P.3d 831, 840–41 (Mont. 2014) (applying the equitable tolling doctrine to instances where a plaintiff is substantially prejudiced by a defendant's concealment of a claim, despite the exercise of diligence by the plaintiff); *see also* Mont. Code. Ann. § 27–2–102(3) (setting out Montana's discovery rule). Therefore, Montana's construction of the equitable tolling doctrine fails to save Miesmer's claims from expiration.

Additionally, Montana statutory law forecloses Miesmer's arguments that the accrual of his § 1983 claims should be tolled. First, "[l]ack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation." Mont. Code Ann. § 27–2–102(2). So, while the Court understands that Miesmer learned from inmate Old-Horn in April 2020 that the use of his coerced statement may have violated the Fifth Amendment, his hitherto lack of knowledge fails to turn back the statutory clock. (*See* Doc. 6 at 3–4.) Second, even if Miesmer has been in state custody since his 2015 arrest, nothing in Montana law tolls the three-year statute of limitations to account for incarceration. Indeed, the 1995 Legislature explicitly deleted the words "or imprisoned on a criminal charge or under a sentence for a term less than life" from the statute that defines "disabilit[ies]" that are excluded from "the time limited for commencing the action." *State v. Placzkiewicz*, 36 P.3d 934, 936 n.1 (citing Mont. Code Ann. § 27–2–401(1)). Third, nothing in the record indicates that Miesmer was committed pursuant to Montana Code Annotated § 53–21–127 at the time his claim accrued. *See* Mont. Code Ann. § 27–2–401 (stating that the period during which a person is committed for a mental disorder may be excluded from the limitations period). Finally, while the Court is sympathetic to the grief Miesmer felt following the death of his mother, it is unaware of authority tolling the statute of limitations on this basis.

Therefore, the Court concludes that neither Montana's version of the equitable tolling doctrine nor its tolling statutes provide Miesmer relief for his untimely Complaint. And, because nothing in his proposed Amended Complaint fixes the temporal problem, the Court will deny his motion to amend. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (affirming that "futility alone can justify a court's refusal to grant leave to amend").

## ORDER

Following de novo review, the Court agrees with Judge Johnston's finding that the applicable statute of limitations has expired in this case and thus adopts his recommendations in full. Accordingly, IT IS ORDERED that:

(1) Miesmer's Motion and Declaratory in Support of Request to File Amended Complaint (Doc. 7) is DENIED;

(2) This matter is DISMISSED as time-barred;

(3) The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

(4) Because it is time-barred, the Complaint lacks arguable substance in law or fact; thus, the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith; and

(5) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of October, 2020.

_____
Dana L. Christensen, District Judge
United States District Court